IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JUMECK SMITH,** ) | **CASE: 11cv7010** |
|    **PLAINTIFF,** ) | **JUDGE** |
|    v. ) | **MAG. JUDGE** |
| **CHICAGO BOARD OF EDUCATION,** ) | |
| **ALEXANDRA SOPHIA GUILAMO,** ) | |
|    **DEFENDANTS.** ) | |

## COMPLAINT FOR MONETARY DAMAGES

### NATURE OF COMPLAINT

This is a 5-count complaint alleging violations of the ADA, Title VII and 42 U.S.C. 1981. Plaintiff is Black (African American). He is an elementary school teacher for Defendant Chicago Board of Education. Plaintiff teaches at Von Humboldt School in Chicago. Plaintiff alleges that he has been treated less favorably than similarly situated teachers who are not African American. Plaintiff asserts that he is HIV Positive for which he requires reasonable accommodations and that Defendant School Board through Defendant Guilamoa has denied Plaintiff such accommodations.

### JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. §§1331, 1332, 1337, 1343(a); 42 U.S.C. 12101; 42 U.S.C. 1981 and 1988; and Title VII. Pendent jurisdiction is had by 28 U.S.C. § 1367.

### PARTIES

(1)    Plaintiff Jumeck Smith is a legal adult and a resident of Chicago Illinois, County of Cook. He is an employee of Defendant Chicago Board

1

of Education. Plaintiff teaches at Von Humboldt School in Chicago. Plaintiff was harmed by the defendants in Chicago, Illinois.

(2)     Defendant Chicago Board of Education is an agency of the City of Chicago and has a principal place of business located in the City of Chicago. Defendant is responsible for the governance, organizational and financial oversight of Chicago Public Schools. Defendant harmed Plaintiff in Chicago, Illinois and was doing business in Cook County, IL. at all times relevant to this complaint.

(4)     Defendant Alexandra Sophia Guilamo, an employee of Defendant School Board, is the principal of the school at which Plaintiff is a teacher. Defendant Guilamo is believed to be a resident of Cook County, IL.

## FACTS

(1)     Plaintiff is an adult and is black.

(2)     Plaintiff teaches at Von Humboldt Elementary School in Chicago.

(3)     Defendant Alexandra Sophia Guilamo is the principal of the school at which Plaintiff is a teacher.

(4)     Plaintiff is HIV Positive. Such disability requires reasonable accommodations for which Plaintiff applied, was granted, but that such accommodations have been denied by Defendants, especially by Principal Guilamo.

(5)     Plaintiff alleges that Principal Guilamo subjected him to an adverse employment action for alleged tardiness; although, similarly situated

teachers not of African American descent have not been subject to an adverse employment action; although, they have been habitually late.

(6)     Plaintiff alleges that Principal Guilamo subjected him to an adverse employment action for alleged tardiness because of his disability.

(7)     Plaintiff asserts that Defendants removed him as an 8th grade teacher because he is black and disabled.

(8)     Defendants state that similarly situated persons who are not black were not removed from their teaching assignments.

(9)     Plaintiff asserts that he sought and was granted reasonable accommodations pursuant to physical limitations brought on by his HIV Positive status but that Defendants have denied Plaintiff such accommodations.

(10)    Plaintiff states that he was punished by Defendants for not reaching the "Time Clock" timely although his reasonable accommodations allow him to reach the Time Clock in a reasonable period of time even after required punch-in time.

(11)    Plaintiff asserts that he must walk down a hall to the time clock and that because of his physical limitations, he sometimes arrives to the clock 1 to 4 minutes after required punch-in time.

(12)    Plaintiff asserts that he is denied supplies and equipment (e.g., a working overhead projector) needed to perform his job function and that similarly situated persons not of African-American descent are not and have not been denied such supplies and equipment.

3

(13)   Plaintiff asserts that Principal Guilamo has for two years in a row told students (children) that Plaintiff has deprived them of competent instruction.

(14)   Defendant Guilamo routinely sends Plaintiff offensive and critical e-mails.

(15)   In the warmer months, Defendant Guilamo forces Plaintiff to work in a room that becomes unbearably hot.

(16)   Plaintiff filed with the EEOC and received a Right-to-Sue Letter dated September 21, 2011.

\*       Defendant Guilamo is sued in her individual and official capacities.

### COUNT I: 42 U.S.C. 1981, DEPREVATION OF RIGHTS (APPLIES TO ALL DEFENDANTS )

(1)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

(2)   Plaintiff is a member of a protected class.

(3)   Plaintiff's race was a motivating factor in Defendants' decision to discipline plaintiff for the aforementioned alleged offenses.

(4)   Plaintiff's race was a motivating part in Defendants' decision to discriminate against Plaintiff.

(5)   Defendants' acted with the intent to discriminate against Plaintiff because Plaintiff is black.

4

(6)     Defendants' intended to deprive Plaintiff of rights that Defendants afforded employees who are not black.

(7)     By Defendants' actions, they violated Plaintiff's federal civil rights.

(8)     Similarly situated employees who are not black were not and have not been disciplined for the types of infractions described in the Facts section.

(9)     The aforementioned racial discriminatory conduct was not welcomed by plaintiff.

(10)    Plaintiff was harmed, to include, loss of workdays; loss of employment opportunities; loss of wages; loss of promotion opportunity, humiliation and mental stress.

(11)    The harassing and discriminatory conduct was the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $250,00.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $75,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT II: 42 U.S.C. 1981, HOSTILE WORK ENVIRONMENT
(APPLIES TO ALL DEFENDANTS)**

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

(2)     Plaintiff believed his work environment to be hostile and abusive.

(3)     The reasons include (but not an inclusive list):  Having been subjected to adverse employment actions described in the Facts section.

(4)     The daily harassment by Defendants (esp., statements by Defendant Guilamo[1]) is and was so pervasive that the Plaintiff has and continues to suffer mental stress.

(5)     The conduct is and was so severe and so pervasive that a reasonable person in plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

(6)     Plaintiff suffered an adverse "tangible employment action" as a result of the hostile environment and this was a significant change in employment status to include that he was disciplined for allegedly having been tardy and that Plaintiff was removed from his 8th Grade classroom (terminated from the assignment).

(7)     The Hostile Work Environment and requisite harassing "conduct" was motivated by the fact that Plaintiff is black and disabled.

---

[1] Plaintiff asserts that Principal Guilamo has for two years in a row told students (children) that Plaintiff has deprived them of competent instruction.

6

(8)     The harassing and discriminatory conduct was the proximate cause and substantial factor in causing Plaintiff's harm.

(9)     Plaintiff was harmed, to include, loss of employment opportunities; loss of wages; loss of promotion opportunity, humiliation and mental stress.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $250,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $75,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT III: VIOLATION OF 42 U.S.C. 2000e
### (APPLIES TO DEFENDANT SCHOOL BOARD)

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

(2)     Plaintiff is a member of a protected class.

(3)     Plaintiff's race was a motivating factor in Defendants' decision to discipline plaintiff for the aforementioned alleged offenses.

(4)     Plaintiff's race was a motivating part in Defendants' decision to discriminate against Plaintiff.

(5) Defendants' acted with the intent to discriminate against Plaintiff because Plaintiff is black.

(6) Defendants' intended to deprive Plaintiff of rights that Defendants afforded employees who are not black.

(7) By Defendants' actions, they violated Plaintiff's federal civil rights.

(8) Similarly situated employees who are not black were not and have not been disciplined for the types of infractions described in the Facts section.

(9) The aforementioned racial discriminatory conduct was not welcomed by plaintiff.

(10) Plaintiff was harmed, to include, loss of work days; loss of employment opportunities; loss of wages; loss of promotion opportunity, humiliation and mental stress.

(11) The harassing and discriminatory conduct was the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $250,00.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $75,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## **COUNT IV: 42 U.S.C. 2000e, HOSTILE WORK ENVIRONMENT**
## **(APPLIES TO DEFENDANT SCHOOL BOARD)**

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

(2)     Plaintiff believes his work environment to be hostile and abusive because he is black and in need of reasonable accommodations allowable through the ADA.

(3)     Plaintiff states that he was subjected to adverse employment actions described in the Facts section because of his disability (e.g., punishment for not reaching the "Time Clock" timely and that he was removed from his 8th grade teaching assignment).

(4)     Plaintiff alleges that Defendants' sought to punish Plaintiff for his disability and continue to seek to punish Plaintiff for suffering from a disability.

(5)     The daily harassment by Defendants (esp., statements and dozens of offensive e-mails from Defendant Guilamo[2]) was and is so pervasive that the Plaintiff suffers mental stress.

(6)     The conduct was and is so severe and so pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

(7) Plaintiff suffered an adverse "tangible employment action" as a result of the hostile environment and this was a significant change in employment status to include that he was disciplined for allegedly having been tardy and that plaintiff was removed from his 8th Grade classroom teaching assignment.

(8) The Hostile Work Environment and requisite harassing "conduct" was motivated by the fact that plaintiff is black and disabled.

(9) The harassing conduct was the proximate cause and substantial factor in causing plaintiff's harm.

(10) Plaintiff was harmed, to include, loss of employment opportunities; loss of wages; loss of promotion opportunity, humiliation and mental stress.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $250,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $75,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT V:   VIOLATION OF 42 U.S.C. 12101
### (APPLIES TO DEFENDANT SCHOOL BOARD)

(1) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the

section entitled "FACTS," with the same force and effect as if herein set forth.

(2)     Defendant did discriminate against Plaintiff, a" qualified individual[s] with a disability."

(3)     Plaintiff is disabled within the meaning of the ADA.

(4)     Plaintiff is qualified, with or without reasonable Accommodations.

(5)     Plaintiff exhausted his administrative remedies.

(6)     Plaintiff has been denied reasonable accommodations to include additional time to go to the "Time Stamp" clock.

(7)     Plaintiff was harmed, to include, loss of workdays; loss of employment opportunities; loss of wages; loss of promotion opportunity, humiliation and mental stress.

(8)     The discriminatory conduct was the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of  $350,00.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $75,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

*Plaintiff hereby makes a Jury Demand.

Respectfully Submitted, October 5, 2011
s\Christopher Cooper, ESQ., PHD.,  Counsel for Plaintiff
Law Office of Christopher Cooper, INC.
500 N. Michigan Avenue, Suite 1514, Chicago, IL 60611 or

3620 W. 80th Lane, Merrillville, IN 46410
T: 312 371 6752 or 219 228 4396 F: 866 334 7458
cooperlaw3234@gmail.com

Plaintiff, by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability. He states that he is not a lawyer. He agrees, under penalty of law that based on his understanding of the Complaint, the contents are truthful, accurate and are based on his best recollection of the events described.

Plaintiff's Signature: s\Jumeck Smith
Date: October 5, 2011